UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS AVALOS,<br><br>  Petitioner,<br><br>  v.<br><br>A. MAURICE GONZALES, Warden,<br><br>  Respondent. | NO. EDCV 13-1125-DDP (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On June 24, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for second degree murder in Los Angeles County Superior Court in 2006. (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, this court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner in the Central District of California, *Avalos v. Dexter*, Case No. EDCV 08-674-DDP (JTL) ("*Avalos I*").

On July 18, 2006, Petitioner pled guilty to second degree murder and was sentenced to 15 years to life. (Petition at 2).

In *Avalos I*, a Report and Recommendation ("R&R") was issued on the

merits on May 15, 2009. *Avalos I*, Dkt. No. 12. On November 20, 2009, the Court adopted the R&R and entered judgment dismissing the petition with prejudice. *Id.*, Dkt. Nos. 17-18. On August 12, 2011, the Ninth Circuit denied the certificate of appealability. *Id.*, Dkt. No. 27.

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Avalos I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: 7/8/2013

                            DEAN D. PREGERSON
                          United States District Judge